ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **DEC 1 8 2018**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
          :
UNITED STATES OF AMERICA  :
          :
    - v. -    :   INDICTMENT
          :
ALEKSANDR RAZUMOVSKIY,   :   S2 18 Cr. 259 (PKC)
RAMIL FAZLUTDINOV,    :
MARKO STASIV, and    :
GENNADY TOPOROV,    :
          :
      Defendants.  :
          :
- - - - - - - - - - - - - - - - - X

## COUNT ONE

(Conspiracy to Commit Wire Fraud and Bank Fraud)

The Grand Jury charges:

### Overview of the Scheme

1.   ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, and others, participated in a coordinated scheme to defraud check-cashing businesses and federally-insured banks (the "Check Scam"). The Check Scam began as early as September 2016 and continued until in or about February 2018.

2.   The Check Scam's primary objective was to generate illicit profit for its participants by deceiving check-cashing business and banks into honoring payroll checks for which insufficient funds were available to cover the face-value of the checks. As described in more detail below, the Check Scam

involved building trust and confidence with check-cashing business and banks through a purportedly legitimate course of dealings before taking advantage of that trust and confidence to stage intentional, coordinated overdrafts.

3. ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, and others, coordinated, executed, or planned to execute the Check Scam in various locations around the country, including (a) Miami, Florida; (b) the Eastern part of Virginia, including Alexandria, Norfolk, and Richmond; (c) the Chicago, Illinois, area; (d) Houston, Texas; (e) Baltimore, Maryland; (f) the Atlanta, Georgia area; (g) the Los Angeles, California area; (h) the San Francisco, California area; and (i) the New York City area, including Bronx, New York.

4. The Check Scam involved the use of fraudulently obtained identity documents, sham companies, and interstate wires.

5. For example, a participant in the scheme not named as a defendant herein ("CC-1"), acting under the supervision of ALEKSANDR RAZUMOVSKIY, the defendant, would create fake lease agreements and other documents in the names of other participants to enable those other participants to falsely demonstrate that they resided at the address identified on the lease. Certain participants in the scheme, including RAMIL

2

FAZLUTDINOV and GENNADY TOPOROV, the defendants, would then seek and obtain identification documents by presenting those forged lease agreements to an identity document-issuing authority, such as a state motor vehicle department. Often the address reflected on such lease agreements was, in fact, the address of a private mail handling service, such as Mailboxes, Etc., and not the residence of any person.

    6.  The Check Scam also involved the creation or appropriation of a business entity that had been legally formed but that had no business activities, no place of business, and no employees (a "Sham Company" or, collectively, the "Sham Companies"). Using a Sham Company's formation documents, and acting at the direction of ALEKSANDR RAZUMOVSKIY and/or MARKO STASIV, the defendants, other participants in the Check Scam, such as RAMIL FAZLUTDINOV and GENNADY TOPOROV, the defendants, would open a business account at a bank insured by the Federal Deposit Insurance Corporation (the "Payroll Account" or, collectively, "Payroll Accounts") and then order blank payroll checks in the name of the Sham Company. In creating the Payroll Accounts, FAZLUTDINOV, TOPOROV, and others intentionally misled bank employees about the location and nature of the Sham Companies and omitted to inform bank employees that the Payroll Accounts would be used to facilitate the Check Scam.

7.  Typically, a participant in the Check Scam would establish a phone number for a Sham Company and would register the Sham Company in phone and business directories available on the Internet, such as yellowpages.com, in order to publicly convey the false impression that the Sham Company was an operating business and that it operated out of a particular office address. While the participants would select a local telephone number to perpetuate the false impression that a Sham Company was a local business, the participants would often arrange for calls to the Sham Company to be forwarded to the cellphone of ALEKSANDR RAZUMOVSKIY, the defendant, who would pretend to be a manager of the Sham Company and who would falsely verify the employment status of the participant presenting the payroll check. On at least one occasion in or about September 2017, an employee of a check-cashing business located in Norfolk, Virginia called the number on a payroll check to verify its nature and the call was forwarded to, and received by, RAZUMOVSKIY in Manhattan, New York.

8.  The participants in the Check Scam divided themselves into different roles. For example, lower level members of the scheme, such as RAMIL FAZLUDTINOV and GENNADY TOPOROV, the defendants, would act as "check cashers" who actually presented payroll checks to check-cashing businesses. Others, known as "drivers," such as MARKO STASIV, the defendant,

would escort "check cashers" between locations. Finally, supervisors, such as ALEKSANDR RAZUMOVSKIY, the defendant, would oversee and direct the Check Scam's operations.

    9. In each iteration of the Check Scam, "check cashers," including RAMIL FAZLUTDINOV and GENNADY TOPOROV, the defendants, typically began by presenting payroll checks in the names of a Sham Company to check-cashing establishments in relatively small amounts, such as $400. These checks would clear the associated Payroll Account and the Check Scam participants would re-deposit the funds into that Payroll Account to fund payroll check withdrawals. Over the course of weeks, the Check Scam participants would repeat this withdrawal and deposit cycle, creating the artificial appearance that the Payroll Account had funds sufficient to cover numerous payroll checks, and would slowly increase the face value of the payroll checks presented to check-cashing businesses and cleared through the Payroll Account. Once check-cashing businesses were willing to accept payroll checks with face values in the thousands of dollars, the Check Scam participants would culminate the fraud by presenting numerous payroll checks to check-cashing businesses for which the Payroll Account held insufficient funds, keeping the cash they obtained for themselves, and inflicting losses on (a) the check-cashing businesses who advanced funds on the basis of the payroll checks, (b) banks who

transferred funds to check-cashing businesses before discovering the overdraft in the Payroll Accounts, or (c) both.

10. During the course of the Check Scam, and to further its objectives, ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, and other participants, maintained contact with one another through telephone calls, text messages, and email. These communications included calls and text messages between CC-1, a participant in the Check Scam, when CC-1 was in Virginia, and RAZUMOVSKIY, while RAZUMOVSKIY was located Manhattan, New York.

11. In furtherance of the scheme, and to facilitate the Check Scam participants' travel to various cities to execute the Check Scam, Check Scam participants obtained hotel rooms using the names and hotel loyalty program accounts of real persons who were not participants in the Check Scam. MARKO STASIV, the defendant, wrongfully obtained these names and accounts through a contact with access to a particular hotel chain's loyalty rewards program accounts and without the permission of the accountholders. ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, and MARKO STASIV, the defendants, each used at least one such account to cover the expenses of a hotel stay and each signed documents connected to those stays purporting to authorize the use of real person's loyalty program account.

Statutory Allegations

12. From at least in or about September 2016, up to and including in or about February 2018, in the Southern District of New York and elsewhere, ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud in violation of Title 18, United States Code, Section 1344, and wire fraud in violation of Title 18, United States Code, Section 1343, to wit, RAZUMOVSKIY, FAZLUTDINOV, STASIV, and TOPOROV participated in a scheme to cash checks drawn on unfunded bank accounts, opened in the name of sham companies created by others, at multiple check-cashing businesses located across the country, and coordinated and advanced that scheme through the use of interstate telephone calls and text messages.

13. It was a part and an object of the conspiracy that ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, and others known and unknown, would and did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses,

representations, and promises, in violation of Title 18, United States Code, Section 1344.

14. It was a further part and an object of the conspiracy that ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Wire Fraud Affecting Financial Institutions)

The Grand Jury further charges:

15. The allegations contained in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

16. From at least in or about September 2016, up to and including at least in or about February 2018, in the Southern District of New York and elsewhere, ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY

TOPOROV, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, RAZUMOVSKIY, FAZLUTDINOV, STASIV, and TOPOROV participated in a scheme to cash checks drawn on unfunded bank accounts, opened in the name of sham companies created by others, at multiple check-cashing businesses located across the country, and coordinated and advanced that scheme by, among other things, (a) exchanging interstate telephone calls and text messages with one another regarding the scheme and (b) soliciting and receiving interstate telephone calls from check-cashing business employees.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE
(Aggravated Identity Theft)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

18. In or about December 2017, in the Southern District of New York and elsewhere, ALEKSANDR RAZUMOVSKIY, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, RAZUMOVSKIY, in connection with the conspiracy to defraud alleged in Count One of this Indictment, used the name and loyalty program membership identification number of another person to cover the expenses of a stay at a hotel in Niles, Illinois.

(Title 18, United States Code, Sections 1028A(c) and 2.)

## COUNT FOUR

(Aggravated Identity Theft)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

20. In or about August 2017, in the Southern District of New York and elsewhere, RAMIL FAZLUDINOV, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, FAZLUDINOV, in connection with the conspiracy to defraud alleged in Count One

of this Indictment, used the name and loyalty program membership identification number of another person to cover the expenses of a stay at a hotel in Atlanta, GA.

(Title 18, United States Code, Sections 1028A(c) and 2.)

### COUNT FIVE
(Aggravated Identity Theft)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

22. From at least in or about January 2017, up to and including at least in or about February 2018, in the Southern District of New York and elsewhere, MARKO STASIV, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, STASIV, in connection with the conspiracy to defraud alleged in Count One of this Indictment, used the names and loyalty program membership identification number of others persons to reserve hotel rooms for himself and others, and used the name and loyalty program account of another person to cover the expenses

of a stay at a hotel in Simi Valley, CA in or about February 2018.

(Title 18, United States Code, Sections 1028A(c) and 2.)

## FORFEITURE ALLEGATION

23. As a result of committing the offenses charged in Counts One and Two of this Indictment, ALEKSANDR RAZUMOVSKIY, RAMIL FAZLUTDINOV, MARKO STASIV, and GENNADY TOPOROV, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendants personally obtained.

### Substitute Asset Provision

24. If any of the above described forfeitable property, as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

e.  Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853.)


_____          _____
FOREPERSON                         GEOFFREY S. BERMAN
                                   United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALEKSANDR RAZUMOVSKIY,
RAMIL FAZLUTDINOV,
MARKO STASIV, and
GENADY TOPOROV,

Defendants.

INDICTMENT

S2 18 Cr. 259 (PKC)

(18 U.S.C. §§ 1028A, 1343, 1349 & 2.)

GEOFFREY S. BERMAN
United States Attorney.

Foreperson

*[signature]*

12/18/18
Filed Second Superseding Indictment.
USMJ Debra Freeman