UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                     18-cr-259 (PKC)

       -against-

                                                                                <u>ORDER</u>

MARKO STASIV,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        After a jury trial, defendant Marko Stasiv was convicted of one count each of (1) conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (Count One); (2) wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (Count Two); and (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A(c) (Count Five).  (Doc 261.)  On December 17, 2019, the Court sentenced Stasiv to 60 months' imprisonment on Counts One and Two, and 24 months' imprisonment on Count Five, to run consecutively, and three years of supervised release on Counts One and Two, and one year of supervised release on Count Five, to run concurrently.  (Dec. 17, 2019 Sentencing Tr. (Doc 278).)  The Court also ordered forfeiture in the amount of $122,424.92 and restitution in the amount of $548,178.70.  (Doc 261.)

        Stasiv is presently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.  The Court is in receipt of three requests from defendant Marko Stasiv: (1) application for change of counsel; (2) application for a bail hearing pending appeal; and (3) an emergency letter motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), in light of the ongoing COVID-19 pandemic.  Each of these requests will be DENIED without prejudice.

Defendant Stasiv's application for change of counsel is DENIED without prejudice to any application for a change of counsel made to the Court of Appeals.

Defendant Stasiv's application for a bail hearing is also DENIED without prejudice. Stasiv has not made any showing of likelihood of success pursuant to 18 U.S.C. § 3143(b) that would permit the Court to find in his favor on a bail application. The ongoing COVID-19 pandemic and Stasiv's underlying health conditions are not bases to grant him bail pending appeal.

Finally, for the reasons described at some length in United States v. Woodson, No. 18-cr-845, 2020 WL 1673253 (S.D.N.Y. Apr. 6, 2020), the Court denies Stasiv's motion for compassionate release without prejudice for failure to exhaust administrative remedies. As this Court concluded in Woodson, the First Step Act provides a 30-day window for the Bureau of Prisons ("BOP") to act and, only if a prisoner has exhausted his BOP administrative remedies or the 30-day period has expired, may a prisoner make an application to the Court. Id. at *1. There is no evidence that Stasiv has made any request of the MDC warden or otherwise begun the process of seeking administrative relief. Indeed, Stasiv's letter to the Court indicates that he has not submitted any BOP request for compassionate release, but instead seeks judicial relief only. Because Stasiv has not even commenced the requisite exhaustion of administrative remedies, his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED without prejudice. Should he fully exhaust his BOP administrative remedies and receive an unfavorable disposition, or submit a request to the MDC warden and not receive any decision within the 30-day window allotted to the BOP to act, Stasiv could then properly seek judicial relief.

- 3 -

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 22, 2020

Mailed on April 22, 2020 to defendant Marko Stasiv, Prisoner No. 75973-112, MDC Brooklyn, P.O. Box 329002, Brooklyn, NY 11232

- 3 -