UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

MARKO STASIV,

                         Movant,

       -against-

UNITED STATES OF AMERICA,

                        Respondent.

----------------------------------------------------------------x

UNITED STATES OF AMERICA,

       -against-

MARKO STASIV,

                        Defendant.

----------------------------------------------------------------x

OPINION AND ORDER

23-cv-41 (PKC)

18-cr-259 (PKC)

CASTEL, U.S.D.J.

        Marko Stasiv moves pro se to vacate, set aside, or correct the sentence imposed upon him.  28 U.S.C. § 2255.  Following a jury trial in which Stasiv represented himself, he was convicted on three counts: 1) conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349 (Count I); 2) wire fraud, in violation of 18 U.S.C. § 1343 (Count II), and 3) aggravated identity theft, in violation of 18 U.S.C. § 1028A(c) (Count V).  (ECF 261.)[1]

---
[1] All citations to the ECF docket are to the docket at 18-cr-259.

Stasiv appealed, arguing that the government presented insufficient evidence to sustain his conviction for conspiracy to commit bank fraud and wire fraud (Count I) and that this Court erred in denying his motion for a new trial.  <u>United States v. Stasiv</u>, No. 19-4286, 2021 WL 4888865, at *1 (2d Cir. Oct. 20, 2021).  The Second Circuit affirmed.  (<u>Id</u>. at *3).

Given Stasiv's <u>pro se</u> status, the Court considers the entirety of Stasiv's submissions and reads them "to raise the strongest arguments that they suggest."  <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (quotation marks omitted).  Stasiv seeks relief based on three grounds.  (ECF 346.)  First, Stasiv contends he received constitutionally ineffective assistance of counsel at trial from his "standby" attorneys.  (<u>Id</u>. at 4.)  Second, he asserts that the Indictment and jury instructions regarding his wire fraud conviction (Count II) charged two separate offenses: wire fraud, in violation of 18 U.S.C. § 1343 and aiding and abetting, in violation of 18 U.S.C. § 2.  (<u>Id</u>. at 5.)  Third, he argues that the Indictment failed to charge a crime under 18 U.S.C. § 1028A(c).  (<u>Id</u>. at 6.)  The government has filed a response that addresses all arguments raised by Stasiv.  (ECF 348.)  For the reasons that will be explained, Stasiv's motion will be denied.


BACKGROUND

A federal grand jury returned a superseding Indictment charging Stasiv with three counts: conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349 (Count I); wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count II), and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(c) and 2.  (ECF 97.)

Stasiv was initially represented by Mr. Andrew Patel pursuant to the Criminal Justice Act.  (March 14, 2018 Minute Entry.)  The Court then granted Mr. Patel's application to

withdraw from representing Stasiv, and appointed Mr. Patrick Joyce as Stasiv's counsel.  (ECF 23.)  The Court then granted Mr. Patrick Joyce's request to withdraw from representing Stasiv, and assigned the representation of Stasiv to Mr. Renato Stabile.  (ECF 89.)  The Court granted Mr. Renato Stabile's request for the appointment of Ms. Diane Ferrone as associate counsel pursuant to the Criminal Justice Act.  (ECF 93.)

At a pre-trial conference held on April 11, 2019, Stasiv "ask[ed] the Court to give [him] the opportunity to defend [himself] at the jury trial."  (ECF 150, April 11, 2019 Tr. at 4.) The Court informed Stasiv that "I have to make a determination as to whether or not your waiver of the right to counsel is knowing and intelligent, and that you're competent to make such a waiver, that you understand the consequences of making the waiver, and that your waiver is timely."  (Id. at 6.)  Stasiv told the Court he understood he had the right to have a lawyer represent him.  (Id. at 10.)  Stasiv told the Court he understood each of the charges against him and the potential punishments for each charge.  (Id. at 10-12.)

The Court then explained to Stasiv that "if you choose to represent yourself, you must stand by yourself, you must act on your own.  The Court cannot advise you how to best present your case nor can it help you with your case."  (Id. at 12.)  Stasiv told the Court he understood that.  (Id. at 13.)  The Court asked Stasiv whether he was familiar with the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and Stasiv told the Court "[n]ot yet."  (Id. at 14.)  The Court told Stasiv that his "attorney could better deal with the issues relating to pretrial motions, trial motions, trial, sentencing and other matters," and Stasiv told the Court he understood that.  (Id.)  Stasiv told the Court he understood "that an experienced criminal defense attorney is almost always more qualified to conduct a legal defense than the

defendant himself," and the Court explained to Stasiv the adage "a person who represents himself has a fool for a client."  (Id. at 15.)

The Court then asked Stasiv whether he understood "if you had an attorney and the attorney made mistakes, you may be able to raise the argument that you were denied the effective assistance of counsel, but if you represent yourself, you will not be able to argue that you were denied the effective assistance of counsel."  (Id. at 16).  Stasiv assured the Court he understood that.  (Id.)  The Court then inquired whether Stasiv understood "that in the Court's view, it is unwise for you to represent yourself, and that you'll be far better represented by an experienced criminal defense attorney."  (Id. at 19.)  Stasiv said he understood.  (Id.)

The Court then explained to Stasiv the role of "shadow counsel" or "standby counsel."  (Id. at 25.)  The Court explained that "these are lawyers who are present in the courtroom," but "[t]hey are not permitted to interfere with or take over the defense of the case."  (Id.)  Stasiv told the Court he understood that "they are not your lawyers.  They may not interfere with your strategic decisions, nor may they take over the questioning of witnesses or presentation of argument."  (Id. at 26.)

Following this inquiry, the Court found that Stasiv was competent to proceed, understood the nature of the proceeding and of his right to an attorney, understood the consequences of waiving his right to counsel, and made a knowing, voluntary, intelligent, and unequivocal waiver of his right to counsel.  (Id. at 27.)  The Court accepted his waiver.  (Id.)

On May 6, 2019, trial began.  (May 6, 2019 Minute Entry.)  On May 15, 2019, the jury found Stasiv guilty of the three charged counts.  (May 15, 2019 Minute Entry.)  On December 17, 2019, the Court sentenced Stasiv to 60 months' imprisonment on Counts I and II, and 24 months' imprisonment on V, to run consecutively, and three years of supervised release

on Counts I and II, and one year of supervised release on Count V, to run concurrently.  (ECF 261.)

Stasiv appealed.  He argued that the Court erred in denying his motion for a new trial or an evidentiary hearing based on alleged juror coercion and erred in denying his motion for a new trial based on the alleged submission of extra-record evidence to the jury.  Stasiv, 2021 WL 4888865, at *1.  He also contended that the government presented insufficient evidence as to Count I—conspiracy to commit wire fraud and bank fraud.  Id.  On October 20, 2021, the Second Circuit affirmed the judgment.  Id. at *3.  The mandate issued on November 29, 2021. (ECF 339.)

Stasiv filed this motion on January 3, 2023, raising three grounds for relief.  (ECF 346.)  He first contends that he received constitutionally ineffective assistance of counsel from his "standby counsel" for "failing to object to the District Court's improper jury instructions, that diminished the jury's 'beyond a reasonable doubt' burden of proof."  (ECF 346, at 13.)  He next argues that his due process rights were violated because Count II of the Indictment and the Court's instructions to the jury regarding Count II charged Stasiv with two separate offenses: wire fraud, in violation of 18 U.S.C. § 1343 and aiding and abetting, in violation of 18 U.S.C. § 2.  (ECF 346, at 26-27.)  His third ground for relief is that Count V of the Indictment— aggravated identity theft, in violation of 18 U.S.C. § 1028A(c)—failed to charge a crime.  (ECF 346, at 36.)

SECTION 2255 STANDARD

To prevail on a section 2255 motion, the movant must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results

in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)

(quotation marks omitted).  A motion may warrant a hearing if it contains factual assertions that

can be proved by competent evidence and a court concludes that the movant could make out a

prima facie case for relief at that hearing.  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir.

2009).  "Airy generalities, conclusory assertions and hearsay statements will not suffice because

none of these would be admissible evidence at a hearing."  United States v. Aiello, 814 F.2d 109,

113-14 (2d Cir. 1987).


TWO GROUNDS RAISED BY STASIV ARE PROCEDURALLY BARRED

        Stasiv seeks relief based on two grounds that he previously could have raised in

his direct appeal.  Because he did not raise these grounds on direct appeal and he has not

demonstrated cause or actual prejudice, they will be dismissed as procedurally barred.

        This Court is "[m]indful that a § 2255 motion is not a substitute for direct appeal."

Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012).  A defendant is thus procedurally

barred from raising claims on a collateral challenge under § 2255 that he failed properly to raise

on direct appeal.  Id.  "This rule recognizes the 'tension' between collateral challenges and

'society's strong interest in the finality of criminal convictions' and, thus, 'make[s] it more

difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack.'"

Rajaratnam v. United States, 736 F. App'x 279, 281 (2d Cir. 2018) (quoting Yick Man Mui v.

United States, 614 F.3d 50, 53-54 (2d Cir. 2010)). "Where a defendant has procedurally

defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if

the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually

innocent.'"  Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted).

As a ground for habeas relief, Stasiv asserts that the Indictment and the Court's jury instructions regarding Count II impermissibly charged him with two offenses: wire fraud and aiding and abetting. He also asserts that Count V of the Indictment failed to state a crime. Stasiv could have raised his challenges to Counts II and V of the Indictment in a pre-trial motion or in a post-trial motion. With respect to his challenge to the Court's jury instructions regarding Count II, he could have raised it at trial, in a post-trial motion, or on his direct appeal to the Second Circuit. He did not raise any of these issues on his direct appeal to the Second Circuit.

He states that he did not do so because "[s]tandby counsel did not object during the initial proceedings to preserve the record for appellate review." (ECF 346, at 5.) These issues, however, could have been raised on appeal even without an objection before the Court; they simply would have been reviewed by the Second Circuit for plain error. United States v. Botti, 711 F.3d 299, 308 (2d Cir. 2013) ("If the defendant did not object to an erroneous jury instruction before the jury retired to consider its verdict, a plain error standard of review applies."); United States v. Dupree, 870 F.3d 62, 71 (2d Cir. 2017) ("We review a challenge based on a factually deficient indictment and raised for the first time on appeal under the plain error standard."); United States v. Agrawal, 726 F.3d 235, 242 (2d Cir. 2013) ("Where, as here, however, a defendant failed to raise a sufficiency [of the Indictment] objection in the district court and presents it for the first time on appeal, we review for plain error.") Accordingly, Stasiv was able to raise his challenges to Count II and V of the Indictment and to the Court's jury instructions regarding Count II of the Indictment on direct appeal and did not do so. He has not alleged that "cause" for his failure to raise these grounds existed. He is thus procedurally barred from raising his second and third grounds for relief.

STASIV'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS MERITLESS

Ineffective assistance of counsel may be raised for the first time in a section 2255 motion "whether or not the petitioner could have raised the claim on direct appeal." Harrington, 689 F.3d at 129 (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). Stasiv's first ground for relief is that his "standby counsel" provided constitutionally ineffective assistance of counsel. (ECF 346, at 13.) The Second Circuit has explained that "there is no constitutional right to hybrid representation of the kind defendant received here where [he] shared the duties of conducting [his] defense with a lawyer . . . Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective." United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997) (internal citation omitted). When the pro se defendant "retain[s] control of his own defense throughout the proceedings . . . we need not examine the effectiveness of [the defendant's] standby assistance." United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998).

For this reason, the Court explained to Stasiv at the April 11, 2019 conference that the Court had "the right but not the obligation or duty to appoint a shadow or standby counsel." (ECF 150, at 26.) Stasiv stated that he understood that "if there is a shadow or standby counsel, they are not your lawyers. They may not interfere with your strategic decisions, nor may they take over the questioning of witnesses or presentation of argument." (Id.) During the proceedings, Stasiv retained control of his own defense. He gave his opening statement, ECF 183 at 15-28, cross-examined witnesses, see, e.g., id. at 54-60, and delivered his closing argument, ECF 191, at 103-115. Because Stasiv proceeded pro se, he "may not now assign blame for [his] conviction to standby counsel." Schmidt, 105 F.3d at 90. Accordingly, Stasiv's claim of constitutionally ineffective assistance of counsel fails.

CONCLUSION

The Court has considered the entirety of Stasiv's arguments and finds them to be without merit.  His motion to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk is directed to terminate the motion in 18-cr-259 at ECF 346 and close 23-cv-41.

Stasiv has not made a substantial showing of the denial of a constitutional right, and accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 24, 2024